VAN BRUNT, and BRADY, JJ., concur.

---

MARY R. VAN CAMPEN, Appellant, *v.* JOHN B. FORD, Individually and as Executor, etc., Respondent.

*Supreme Court, First Department, General Term, July, 9, 1889.*

*Consideration.*—A note and mortgage given, without threat or duress, at her own instance and voluntarily, by a wife in settlement and discontinuance of an action against her husband, and to secure his release from arrest, are based upon a sufficient consideration, in case the husband has been discharged, and the consent of discontinuance filed though no order of discontinuance has been obtained or entered.

Appeal from a judgment dismissing the complaint with costs, adjudging that a certain note and mortgage are good and valid instruments, and dissolving an injunction issued *pendente lite* restraining the defendant from enforcing those instruments.

*H. Daily, Jr.,* and *T. O. Callaghan,* for appellant.

*Clarence M. Smith (James R. Angel,* of counsel), for respondent.

BARRETT, J.—When this case was previously before the general term (15 N. Y. State Rep. 310) it was held that the instruments in question were free from the taint of duress and that the plaintiff had fully recognized their validity. The same conclusion was arrived at upon the present trial, and the evidence again amply supports it. The new trial was ordered upon the sole ground that the case showed a want of consideration for the original note and mortgage renewed by the instruments in suit. This consideration was clearly shown upon the trial now under review. There was sufficient evidence, both direct and circumstantial, of the arrest of the plaintiff's husband. The surrounding circumstances too all point in that direction. The arrest was lawful, and the defendant's testator was guilty of no impropriety with regard to it.

The plaintiff was not appealed to by the defendant's testator to secure her husband's release, nor was she subjected to anything in the nature of duress or threat. On the contrary, she voluntarily requested Mr. Ford's attorney to accept her obligation in settlement of the suit. This was acceded to, the consideration being the release of her husband and the discontinuance of the suit. The attorney in compliance with this agreement, filed a consent of discontinuance with the clerk, and the plaintiff's husband was released from any restraint attaching to the order of arrest.

The fact that a judge's *fiat* to an order of discontinuance was not obtained, does not effect the question. Mr. Ford's attorney was not bound to enter such an order. When he delivered or filed the consent of discontinuance, the consideration was complete. Van Campen's attorney could, at

any time thereafter, have entered the formal order. The consent was irrevocable and could not be withdrawn. It remained in the clerk's office to the use of Van Campen. Ford had received a valuable consideration therefor, namely, the plaintiff's note and mortgage; and the suit against Van Campen was thereupon substantially discontinued. It would have been impossible for Ford to have taken any step against Van Campen thereafter. The court would have promptly checked any attempt to proceed further, and would at once have directed the discontinuance of record.

It is quite clear, therefore, that the difficulty which led to the previous reversal has been removed, and that the present judgment should be affirmed.

The objections and exceptions taken by the plaintiff to the admissions of evidence were either frivolous or directed to unimportant matters in no way prejudicial to her upon the main issues. Some of these objections related to the contents of papers which had been entrusted to the plaintiff's attorney and had never been returned. They should not have been made, under such circumstances, and the persistent effort to suppress important features of these papers does not tend to inspire the court with confidence in the sincerity or good faith of the plaintiff's contention.

The judgment should be affirmed, with costs.

VAN BRUNT, Ch. J., and DANIELS, J., concur.